**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of Texas _____
(State)

Case number (if known) _____ Chapter 11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's name | EMAS CHIYODA Subsea Limited |

| | |
|---|---|
| 2. | All other names debtor used in the last 8 years
Include any assumed names, trade names, and *doing business as* names |

| | |
|---|---|
| 3. | Debtor's federal Employer Identification Number (EIN) |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 2 Snowhill | |
| Number      Street | Number      Street |
| | P.O. Box |
| Birmingham                    B46WR | |
| City                State   ZIP Code | City                State   ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Country: United Kingdom | |
| County | Number      Street |
| | City                State   ZIP Code |

**5. Debtor's website (URL)**   https://emaschiyoda.com/

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding  LLP)
☐ Other. Specify:

---

Official Form 201            Voluntary Petition for Non-Individuals Filing for Bankruptcy            page 1

| Debtor | EMAS CHIYODA Subsea Limited | Case number *(if known)* |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

**A. Check one:**

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B. Check all that apply:**

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>2</u>   <u>3</u>   <u>7</u>   <u>9</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that)

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____   When _____ Case number _____
                                        MM / DD / YYYY

            District _____   When _____ Case number _____
                                        MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor   See attached Annex 1 _____   Relationship   Affiliate

            District   Southern-Houston _____   When _____
                                             MM / DD / YYYY

            Case number, if known _____

| Debtor | EMAS CHIYODA Subsea Limited | Case number (if known) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____

        Number      Street

        _____

        City                        State    ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

        Contact name _____

        Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☑ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☑ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | EMAS CHIYODA Subsea Limited | Case number (if known) |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☑ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ■ I have been authorized to file this petition on behalf of the debtor.

- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
MM / DD / YYYY

X _____    TAKAHIRO  TERAOKA
Signature of authorized representative of debtor        Printed name

Title   DIRECTOR

**18. Signature of attorney**

X _____    Date _____
Signature of attorney for debtor        MM / DD / YYYY

John F. Higgins
Printed name
Porter Hedges LLP
Firm name
1000       Main St
Number     Street
Houston                                    Texas       77002
City                                        State       ZIP Code

(713) 226-6000                             jhiggins@porterhedges.com
Contact phone                              Email address

09597500                                   Texas
Bar number                                 State

**Annex 1**

**SCHEDULE OF DEBTORS**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases.

| | Debtor |
|---|---|
| 1. | EMAS CHIYODA Subsea Limited |
| 2. | Lewek Falcon Shipping Pte. Ltd. |
| 3. | EMAS-AMC Pte. Ltd. |
| 4. | EMAS CHIYODA Subsea Services Pte. Ltd. |
| 5. | EMAS Saudi Arabia Ltd. |
| 6. | EMAS Chiyoda Subsea Inc. |
| 7. | EMAS CHIYODA Subsea Marine Base Holding Co. LLC |
| 8. | EMAS CHIYODA Subsea Marine Base LLC. |
| 9. | EMAS CHIOYDA Subsea Services B.V. |
| 10. | EMAS CHIYODA Subsea Services (UK) Limited |
| 11. | EMAS CHIYODA ROV Pte. Ltd. |
| 12. | Lewek Constellation Pte. Ltd. |
| 13. | EMAS CHIYODA Subsea Services LLC |
| 14. | EMAS CHIYODA Subsea (Thailand) Co., Ltd. |
| 15. | Gallatin Marine Management, LLC |

**EMAS CHIYODA Subsea Limited**

<u>Signatory's Certificate</u>

The undersigned, being the Secretary of EMAS CHIYODA Subsea Limited, an English company (the  Company), does hereby certify as follows:

Attached hereto as <u>Annex A</u> is a true, correct and complete copy of the resolutions duly adopted by the shareholders of the Company on Feb 24, 2017 (the  Resolutions), and such Resolutions have not been modified or rescinded in whole, in part, or in any respect and are in full force and effect.

IN WITNESS WHEREOF, the undersigned, in his capacity as Secretary of the Company has duly executed and caused this certificate to be delivered as of February 27, 2017.

EMAS CHIYODA Subsea Limited

By: _____
     Name: Stephen McGuire
     Title: Secretary

**RESOLUTIONS OF**
**THE BOARD OF DIRECTORS OF**
**EMAS CHIYODA SUBSEA LIMITED**

**FEBRUARY 24, 2017**

WHEREAS, the Board of Directors of EMAS CHIYODA Subsea Limited, an English corporation (the "Company"), does hereby consent to the taking of the following actions and does hereby adopt the following resolutions pursuant to the Company's bylaws and English law;

Chapter 11 Filing

WHEREAS, the Board of Directors has been presented with a proposed petition to be filed by the Company in the United States Bankruptcy Court for the District of Texas (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought; and

WHEREAS, the Board of Directors has determined that it is in the best interests of the Company and its stakeholders that the Company file a petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code.

NOW THEREFORE, BE IT RESOLVED, that the Company file a petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code, in which the authority to operate as a debtor-in-possession will be sought, and the filing of such petition is authorized hereby;

FURTHER RESOLVED, that each of the officers of the Company (the "Authorized Officers") is hereby authorized, empowered, and directed in the name and on behalf of the Company to take all actions in connection with the chapter 11 case authorized herein;

FURTHER RESOLVED, that the Authorized Officers be, and each of them, with full authority to act, hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Officer executing said petition on behalf of the Company shall determine;

FURTHER RESOLVED, that the Authorized Officers be, and each of them, with full authority to act, hereby is, authorized, empowered, and directed in the name and on behalf of the Company, to execute and file or cause to be executed and filed (or to direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants, or other professionals and to take any and all other action which they or any one of them deem necessary or appropriate

in connection with the chapter 11 case contemplated hereby, with a view to the successful prosecution of such case;

**FURTHER RESOLVED,** that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief under chapter 11 of the Bankruptcy Code or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

DIP Financing

**WHEREAS,** the Company (the "Borrower") intends to enter into a Debtor-in-Possession Credit Agreement (as amended, restated, supplemented or otherwise modified from time to time, the "DIP Credit Agreement") among the Borrower, [Subsea 7 S.A.], incorporated and registered in Luxembourg with company number Lux B 43172, in its capacity as the Tranche A Lender (in such capacity, the "Tranche A Lender") and [Chiyoda Corporation], incorporated and registered in Japan with company number 0200-02-018029, in its capacity as Tranche B Lender (in such capacity, the "Tranche B Lender," and, collectively with the Tranche A Lender, the "DIP Lenders"); and

**WHEREAS,** in connection with the DIP Credit Agreement, it is proposed that the Borrower grant to each DIP Lender a security interest, in among other things, (a) all assets not subject to a perfected, non-avoidable and fully enforceable Lien as of the Petition Date and (b) the Funding Account (collectively, the "Collateral") in order to secure the prompt and complete payment, observance and performance of all obligations under the DIP Credit Agreement; and

**WHEREAS,** in connection with the DIP Credit Agreement and the transactions contemplated thereby, the Company may be required to enter into certain other instruments, agreements or documents related thereto, including, without limitation, financing term sheets or proposals, cash collateral agreements, control agreements, stock powers, mortgages, deeds of trust, debentures, share pledges, pledge agreements, security agreements, other collateral documents, assignment agreements, reaffirmation agreements, joinders, intercreditor or subordination agreements, forbearance agreements, intercompany subordination agreements, intercompany notes, commitment letters, engagement letters, fee letters, and payoff letters in such forms as may be approved by any officer of the Company (all of the foregoing, collectively with the DIP Credit Agreement, the "DIP Documents"); and

**WHEREAS,** as the Board of Directors of the Company has determined that that it is in the best interests of such Company to (i) enter into the DIP Credit Agreement, (ii) grant a security interest in the Collateral to the extent applicable, (iii) execute and deliver the DIP Documents to which it is a party, (iv) to borrow thereunder up to the maximum aggregate principal amount provided for therein, and (v) empower the Authorized Officers to take any and all actions as may be deemed appropriate to effect and perform the transactions contemplated thereby.

**NOW, THEREFORE, BE IT RESOLVED,** that the execution and delivery by the Company of any DIP Documents to which the Company is a party, and the

performance of all of its rights and obligations thereunder including, but not limited to, (i) borrowing up to the maximum aggregate principal amount provided for under the DIP Credit Agreement and (ii) granting a security interest in the Collateral, to the extent applicable, to each DIP Lender, be, and hereby are, in all respects, authorized, ratified, approved and adopted by the Board of Directors of the Company:

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized, empowered and directed to pledge, mortgage, hypothecate, encumber and grant a lien or security interest in the Collateral, to the extent applicable, as required by the DIP Documents to each DIP Lender;

**FURTHER RESOLVED**, that the filing of financing statements and amendments and continuation statements to financing statements, mortgages, other filings, recordations, registrations or any other document, in any jurisdictions or with any filing offices as contemplated by or specified in the relevant DIP Documents or otherwise advisable and/or the entering into of any other agreement or instrument, necessary or advisable to create, register or perfect the security interests granted in the Collateral pursuant to the relevant DIP Documents or any related transaction document is hereby authorized in such form as any Authorized Officer of the Company shall approve;

**FURTHER RESOLVED**, that the Authorized Officers of the Company, be, and each of them hereby is, authorized, empowered, and directed to, in the name of and on behalf of the Company, (i) negotiate, execute, deliver and perform the Company's obligations under the DIP Documents, and carry out the Company's duties thereunder, and (ii) negotiate, execute and deliver all other agreements, instruments and documents in connection therewith and any and all amendments, waivers or other modifications thereto and take or cause to be taken any and all such further actions, in each case on such terms and conditions as any such Authorized Officer may deem necessary, desirable or appropriate, in each case, the delivery thereof or the taking of such action by any such Authorized Officer to conclusively evidence the approval thereof by the Board of Directors of the Company;

<u>Retention of Advisors</u>

**FURTHER RESOLVED**, that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP and its affiliates be, and hereby are, employed under general retainer as attorneys for the Company in the chapter 11 case;

**FURTHER RESOLVED**, that the law firm of Porter Hedges LLP and its affiliates be, and hereby are, employed under general retainer as co-counsel for the Company in the chapter 11 case;

**FURTHER RESOLVED**, that KPMG Services Pte. Ltd (or its affiliates) be, and hereby is, employed to provide related managerial services to the Company;

**FURTHER RESOLVED**, that Epiq Bankruptcy Solutions, LLC (or its affiliates) be, and hereby are, employed as claims and noticing agents for the Company in the chapter 11 case;

<u>Fees and Expenses</u>

3

**FURTHER RESOLVED,** that the Authorized Officers be, and each of them, with full authority to act, hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, the making of any such payment conclusively to evidence the due authorization and approval thereof by the Board of Directors;

General

**FURTHER RESOLVED,** that the Authorized Officers be, and each of them, with full authority to act, hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Company or otherwise, such agreements, certificates, undertakings, instruments, and any and all other documents and amendments necessary or appropriate to facilitate the transactions contemplated by the foregoing resolutions, containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate in connection with the chapter 11 case, the DIP Financing, or any matter related thereto, the taking of any such action or the execution and delivery of such agreements, certificates, undertakings, instruments, documents, or amendments conclusively to evidence the due authorization and approval thereof by the Board of Directors; and

**FURTHER RESOLVED,** that all actions heretofore taken by any director, officer, or employee of the Company, on or prior to the date hereof, in the name and on behalf of the Company, so long as in connection with any of the matters contemplated by the foregoing resolutions, are authorized, ratified, approved, confirmed, and adopted as the acts and deeds by and on behalf of the Company as fully as if such actions had been presented to the Board of Directors for its prior approval.

Hiroyuki Endo, Director

Teraoka Takahiro, Director

Lionel Lee, Director

4

Fill in this information to identify the case:

Debtor Name EMAS CHIYODA Subsea Limited, et al.

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): _____

• Check if this is an amended filing

## Official Form 204
### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders   12/15

A list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 40 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | DBS BANK 12 MARINA BOULEVARD, LEVEL 3 MARINA BAY FINANCIAL CENTRE, TOWER 3 SINGAPORE, 018982 SINGAPORE | PHONE: +65 6878 2024 FAX: 64451267 EMAIL: PAT.CHIAM@DBS.COM | Working Capital Loan | | | | $40,000,000.00 |
| 2 | DBS BANK 12 MARINA BOULEVARD, LEVEL 3 MARINA BAY FINANCIAL CENTRE, TOWER 3 SINGAPORE, 018982 SINGAPORE | PHONE: +65 6878 2024 FAX: 64451267 EMAIL: PAT.CHIAM@DBS.COM | Working Capital Loan | | | | $30,000,000.00 |

Debtor  EMAS CHIYODA Subsea Limited, et al. _____
Name

Case number (if known) _____

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|
| 3 | DBS BANK LIMITED 12 MARINA BOULEVARD #46-04 DBS ASIA CENTRAL @ MBFC TOWER 3 SINGAPORE, 018982 SINGAPORE | PHONE: 6878 2024 FAX: 64451267 EMAIL: PATCHIAM@DBS.COM | Bank Guarantee Claims | Contingent | $14,636,231.50 |
| 4 | DNB BANK ASA, SINGAPORE BRANCH 8 SHENTON WAY, TEMASEK TOWER SINGAPORE, 068811 SINGAPORE | PHONE: 6212 0710 FAX: 65 6225 7007 EMAIL: IAN.THIA@DNBNOR.NO | Bank Guarantee Claims | Contingent | $14,636,231.50 |
| 5 | OVERSEAS-CHINESE BANKING CORPORATION LTD 63 CHULIA STREET #06-00 OCBC CENTRE EAST SINGAPORE, 049514 SINGAPORE | PHONE: 65 9694 1264, 65 6318 7222 FAX: 65 6534 3986 EMAIL: SASWIRAL@OCBC.COM | Bank Guarantee Claims | Contingent | $13,118,982.00 |
| 6 | INTERNAL REVENUE SERVICE CENTER 1111 CONSTITUTION AVENUE NW WASHINGTON, DC 20224 | PHONE: 202-283-1710 | Tax Claim | Disputed | $8,591,376.75 |
| 7 | LONDON MARINE CONSULTANTS LTD PINNACLE HOUSE 23-26 ST DUNSTAN'S HILL LONDON EC3R 8HN UNITED KINGDOM | PHONE: 44 0 20 7621 0050 FAX: 44 0 20 7220 7730 EMAIL: LMC@LONDONMARINE.CO.UK | Trade | | $8,322,894.56 |

Debtor  EMAS CHIYODA Subsea Limited, et al.
Name

Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 8 | COASTAL TRADE LIMITED 3 CROMWELL PLACE LONDON, SW7 2JE ENGLAND | | Trade/Non-Trade | | | | $7,613,516.22 |
| 9 | BIBBY OFFSHORE LIMITED ATMOSPHERE ONE PROSPECT ROAD, WESTHILL ABERDEEN, AB32 6FJ SCOTLAND | PHONE: 44 0 1224 857755 FAX: 44 0 1224 284444 EMAIL: INFO@BIBBYOFFSHORE.COM | Trade | | | | $6,074,057.36 |
| 10 | STANDARD CHARTERED BANK 8 MARINA BOULEVARD #27-01 MARINA BAY FINANCIAL CENTRE, TOWER 1 SINGAPORE,  018982 SINGAPORE | PHONE: 65 6596 7064 FAX: 66348119 EMAIL: VIVIEN.LHLOW@SC.COM | Bank Guarantee Claims | Contingent | | | $5,626,880.00 |
| 11 | SERIMAX NORTH AMERICA, LLC 11315 WEST LITTLE YORK RD. BLDG 3 HOUSTON, TEXAS 77041 US | PHONE: +350 20051777/8, 832-230-2700 FAX: +350 20051779 EMAIL: OPERATIONS@GACGIBRALTAR.COM | Trade | | | | $4,451,357.08 |
| 12 | TIGERMAR GLOBAL PTE. LIMITED 8 MARINA VIEW, ASIA SQUARE TOWER 1 #07-04 SINGAPORE, SG | PHONE: 6744 7055, 65 6715 8760 FAX: 6744 7066, 65 6532 0194 EMAIL: INFO@TIGERMAR.COM | Trade/Non-Trade | | | | $3,185,595.47 |

Official Form 204

Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims

Debtor __EMAS CHIYODA Subsea Limited, et al.__
Name

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 13 | KEPPEL SHIPYARD LIMITED 51 PIONEER SECTOR 1 SINGAPORE, 628437 SINGAPORE | PHONE: 47-403095350, 65-6861-4141 FAX: 65-6861-7767 EMAIL: BROKERS@F3OFFSHORE.COM, KS@KEPPELSHIPYARD.COM | Trade | | | | $2,764,580.07 |
| 14 | CANYON OFFSHORE, INC. 400 N. SAM HOUSTON PKWY EAST SUITE 400 HOUSTON, TEXAS 77060 US | PHONE: 281-618-0400 FAX: 281-618-0500 | Trade | | | | $2,761,372.56 |
| 15 | RANA DIVING S.P.A VIA DEL TRABAACCOLO 16 - 48122 RAVENNA ITALY | PHONE: 39 0544 530742 FAX: 39 0544 531015 EMAIL: ACCOUNT@BENLINE.COM.SG, RANA@RANADIVING.IT | Trade | | | | $2,439,336.09 |
| 16 | KUIPER INTERNATIONAL PTE LTD 14 ROBINSON ROAD #07-10 FAR EAST FINANACE BUILDING SINGAPORE, SGP | PHONE: 65 6224 4510 FAX: 65 6224 4511 EMAIL: info@ki.sg | Trade | | | | $2,353,435.23 |
| 17 | CHENGXI SHIPYARD (GUANGZHOU) CO., LTD NO. 10 QIHANG ROAD, LONGXUE STREET, NANSHA GUANGZHOU CHINA | PHONE: 86 510 8166 8160 EMAIL: JASENTCHOW@CHENGXI.COM | Trade | | | | $2,187,728.58 |

Official Form 204          Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims

Debtor  EMAS CHIYODA Subsea Limited, et al.

Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| 18 CROWLEY MARINE SERVICES INC 15894 DIPLOMATIC PLAZA DR HOUSTON, TEXAS 77032 US | PHONE: 832-850-4100 FAX: 832-850-4141 | Trade | | | | $1,886,707.50 |
| 19 TECHNIP FAR EAST SDN BHD WISMA TECHNIP, NO 241, 2ND FLOOR, JALAN TUN RAZAK, WILAYAH PERSEKUTUAN 50400 KUALA LUMPUR MALAYSIA | PHONE: 603 2116 7888 FAX: +603 2116 7999 | Trade | | | | $1,837,396.00 |
| 20 BAE SYSTEM AUSTRALIA LTD EDINBURGH PARKS TARANAKI ROAD EDINBURGH SA 5111 | PHONE: 61 8 8480 8888 EMAIL:auswebinfo@baesystems.com.au | Trade | | | | $1,804,987.84 |
| 21 GULFMARK AMERICAS INC 842 W SAM HOUSTON PKWY NORTH SUITE 400 HOUSTON, TX 77024 | PHONE: 713-369-7300 | Trade | | | | $1,691,280.77 |
| 22 IHC SAS BV BEDRIJFSWEG 23 2404 CB ALPHEN AAN DEN RIJN | PHONE: +31 88 015 61 00 EMAIL: info.sas@royalihc.com | Trade | | | | $1,319,273.55 |

Official Form 204            Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims

Debtor  EMAS CHIYODA Subsea Limited, et al.
       Name

Case number (if known) _____

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 23 | HUISMAN EQUIPMENT BV ADMIRAAL TROMPSTRAAT 2, 3115 HH PO BOX 150 3100 AS SCHIEDAM HARBOUR NO. 561 THE NETHERLANDS | PHONE: 832-487-7300, 33 88 070 2222 EMAIL: ETTA.CHATTERJEE@EMASCHIYODA.COM, AP@HISMAN-NL.COM | Trade | | | | $1,230,924.93 |
| 24 | WORLEYPARSONS PTE LIMITED 111 SOMERSET ROAD, #12-05 TRIPLEONE SOMERSET, SINGAPORE 238164 | PHONE: +65 6735 8444 FAX: +65 6735 7444 | Trade | | | | $1,089,200.70 |
| 25 | HORIZON SURVERY COMPANY (FZC) P.O. BOX 68785, SAIF ZONE, SHARJAH | PHONE: + 971 6 557 3045 FAX: + 971 6 557 3047 | Trade | | | | $1,021,183.69 |
| 26 | JAMES FISHER SUBSEA EXCAVATION PTE. LIMITED PAYA LEBAR SQUARE #08-07, 60 PAYA LEBAR ROAD SINGAPORE, 409051 SINGAPORE | PHONE: 65-6225-1163, 65 6887 3613 FAX: 65-6225-4945 EMAIL: WEITUNG.LIM@JITSUN.COM | Trade | | | | $978,374.32 |
| 27 | SAL HEAVY LIFT GMBH BROOKTORKAI 20 20457 HAMBURG GERMANY | PHONE: 6467 3923 / 6468 8776, 49 40 380380-0 FAX: 6469 6330, 49 40 380380-600 EMAIL: ELINKSPARE@YAHOO.COM | Trade | | | | $953,505.70 |

Official Form 204                    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims

Debtor __EMAS CHIYODA Subsea Limited, et al.__                    Case number (if known) _____
              Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| 28 H.J. STAUBLE LIMITED 3-5 MAHARAJ AVENUE BY-PASS SAN FERNANDO TRINIDAD AND TOBAGO, WI | PHONE: 868-653-1870 FAX: 868-657-2810 EMAIL: STAUBLE@TSTT.NET.TT | Trade | | | | $949,123.36 |
| 29 SHIN YANG SHIPPING CO., LTD. 88-1 SONGJONG-DONG TONGHAE-SHI TONGHAE-SHI GANGWON SOUTH KOREA | PHONE: +234 808 313 1138, 033-522-3422 FAX: 033-522-2907 EMAIL: INFO@GULFSHIPS.NET | Trade | | | | $936,845.97 |
| 30 C & C TECHNOLOGIES INC 730 EAST KALISTE SALOOM ROAD LAFAYETTE, LA 70508 | PHONE: 337-210-0000 FAX: 337-210-0003 EMAIL: | Trade | | | | $911,742.00 |

**Fill in this information to identify the case and this filing:**

Debtor Name  EMAS CHIYODA Subsea Limited

United States Bankruptcy Court for the:  Southern                    District of  Texas
                                                                                      (State)

Case number (*if known*):

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration  List of Creditors who have the 30 Largest Unsecured Claims

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02/27/2017                    ✗ _____
               MM / DD / YYYY                  Signature of individual signing on behalf of debtor

                                               Stephen McGuire
                                               Printed name

                                               General Counsel
                                               Position or relationship to debtor

Official Form 202              Declaration Under Penalty of Perjury for Non-Individual Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | :    **Chapter 11** |
| | : |
| **EMAS CHIYODA SUBSEA LIMITED,** | :    **Case No. 17-[_____] ([_____])** |
| | : |
| **Debtor.**[1] | :    **(Joint Administration Pending)** |
| | : |

**CORPORATE OWNERSHIP STATEMENT OF**
**EMAS CHIYODA SUBSEA LIMITED**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, listed below are all entities having a direct or indirect ownership interest in EMAS CHIYODA Subsea Limited, the above-captioned debtor and debtor in possession (the "Debtor").

**LIST OF EQUITY SECURITY HOLDERS**

The following list sets forth each of the equity security holders of the Debtor, and has been prepared in accordance with Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.

| Equity Holder | Address of Equity Holder | Number of Units |
|---|---|---|
| Emas-AMC Holdings Pte. | 15 Hoe Chiang Road #28-01 Tower Fifteen Singapore 089316 | 40% |
| Chiyoda Corporation | 4-6-2 Minatomirai, Nishi-ku Yokohama, Japan 220-8765 | 35% |
| Nippon Yusk Kabushiki Kaisha | 3-2 Marunouchi 2 Cho-me Chiyoda-ku Tokyo, Japan 100-0005 | 25% |

---

[1] The last four digits of the Debtor's taxpayer identification number are (UK) (3187) and the address of its corporate headquarters is 2 Snowhill, Birmingham, United Kingdom, B46WR.

**Fill in this information to identify the case and this filing:**

Debtor Name    EMAS CHIYODA Subsea Limited

United States Bankruptcy Court for the:    Southern    District of    Texas
                                                                  (State)

Case number (if known): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐    *Schedule H: Codebtors* (Official Form 206H)

☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    Amended *Schedule* ____

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑    Other document that requires a declaration  Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02/27/2017            ✗ _____
             MM / DD / YYYY                 Signature of individual signing on behalf of debtor

                                    Stephen H. McGuire
                                    Printed name

                                    General Counsel
                                    Position or relationship to debtor