UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>EMAS CHIYODA SUBSEA LIMITED, ET AL<br><br>DEBTORS. | CASE NO. 17-31146<br><br>CHAPTER 11<br><br>(JOINTLY ADMINISTERED) |

**MOTION FOR ORDER PERMITTING BIBBY OFFSHORE LIMITED TO PURSUE PENDING RULE C *IN REM* CLAIM AGAINST NON-PROPERTY OF DEBTORS, TO VOLUNTARILY DISMISS PENDING RULE B *IN PERSONAM* CLAIM AGAINST DEBTORS AND TO CONTINUE ARBITRATION TO SOLELY DETERMINE THE <u>AMOUNT OWED BIBBY</u>**

THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Bibby Offshore Limited ("Bibby") moves this Court for an Order lifting the automatic stay and permitting it (1) to proceed with its pending Rule C *in rem* claim against the M/V LEWEK EXPRESS, which is not the property of the debtors, (2) to voluntarily dismiss the pending Rule B *in personam* claim against the debtors, and (3) to proceed with the currently-pending arbitration against EMAS for the sole purpose of determining the amount of Bibby's claim against EMAS. In support of its request for relief, Bibby does state as follows:

Prior to debtors filing for bankruptcy, on January 24, 2017, Bibby initiated a lawsuit against EMAS Chiyoda Subsea, Inc. ("EMAS") in the Southern District of Texas, Corpus Christi, wherein it alleged *in personam* claims against EMAS. [R. Doc. 1 in C.A. No. 17-33.] Bibby obtained an Order from the district court permitting it to attach the M/V LEWEK EXPRESS on the basis that it was the property of EMAS. [R. Doc. 5 in C.A. No. 17-33.] Subsequently, EMAS challenged the Rule B attachment by filing a Motion to Vacate. [R. Doc. 12 in C.A. No. 17-33.] In support of its argument, EMAS asserted that it did not own the LEWEK EXPRESS. [R. Doc. 12, p. 1, in C.A. No. 17-33 ("In this case, EMAS does not own either the M/V LEWEK EXPRESS or the M/V AMC AMBASSADOR. The Vessels are owned by two completely unrelated third-parties."]

The Court denied EMAS's Motion to Vacate without prejudice and found it "appropriate to give the parties the opportunity to conduct discovery to determine the true ownership status of the vessels in question and to support this Court's jurisdiction to maintain this action. [R. Doc. 23 in C.A. No. 17-33.]

Thereafter, Bibby filed an Amended Complaint wherein it asserted a Rule C claim *in rem* against the LEWEK EXPRESS; this claim was only asserted against the LEWEK EXPRESS. [R. Doc. 43 in C.A. No. 17-33.] On February 21, 2017, the Court held a hearing on Bibby's Rule C

claim and ultimately granted it. [R. Doc. 46 in C.A. No. 17-33.]   As a result, the LEWEK EXPRESS was arrested and has remained under arrest since that time.

General Maritime Law treats claims against an entity and against a vessel differently.  A Rule B claim (which was asserted against EMAS):

> is an adjunct to a claim *in personam*. When the defendant cannot 'be found within the district,' the plaintiff may 'attach the defendant's goods and chattels.'  Thus, the plaintiff's claim is against the person, not the thing, but if the person cannot be found in the district, the plaintiff is protected by the ability to proceed against the thing.

*Sembawang Shipyard, Ltd. v. Charger, Inc.*, 955 F.2d 983, 987 (5th Cir. 1992).  Conversely, the Rule C claim (which was asserted against the LEWEK EXPRESS) "is a true proceeding *in rem*. The claim is against the thing itself." *Id*.

Therefore, Bibby has two (2) claims currently pending in the Southern District of Texas, Corpus Christi Division: the Rule B *in personam* claim against EMAS and the Rule C *in rem* claim against the LEWEK EXPRESS.  The Rule C claim that is currently pending in the Southern District of Texas, Corpus Christi Division, is only pending against the LEWEK EXPRESS, not EMAS.  EMAS has taken the position in the district court and this Court that the LEWEK EXPRESS is not its property.  At the "first day" hearings, EMAS confirmed on the record that it was not the owner of the LEWEK EXPRESS and that it did not have any interest in the LEWEK EXPRESS.

This Court has previously issued an Order enforcing and restating the automatic stay against taking any action against the debtors' property. [R. Doc. 50 in this matter.]    While the LEWEK EXPRESS is not the property of debtors, it has inadvertently been caught up in the automatic stay issued by this Court because the district court has stayed <u>all</u> of Bibby's lawsuit in

the Southern District of Texas, Corpus Christi Division. As such, Bibby should be permitted to proceed with its Rule C claim against the LEWEK EXPRESS in the district court.

"When an *in rem* action is instituted, the property comes into the jurisdiction of the admiralty court and neither the later filing of a bankruptcy proceeding nor the issuance of a stay by the bankruptcy court divests the maritime court of jurisdiction." *Atlantic Richfield Co. v. Good Hope Refineries, Inc.*, 604 F.2d 865 (5th Cir. 1979). This principle exists to determine which court -- the district court or the bankruptcy court -- exercises jurisdiction over property that has been seized but is owned by a bankrupt debtor. *See id*. This Court's authority to administer the debtors' estate extends to "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). The principle articulated in *Atlantic Richfield* need not be addressed in this matter however. Here, the LEWEK EXPRESS is not property of the debtors and is not within the realm of the debtors' estate.

Nonetheless, the district court has issued a stay on all proceedings following the Suggestion of Bankruptcy filed by EMAS. [R. Doc. 51 in C.A. No. 17-33.] With respect to the Rule B and Rule C claims, the district court has appointed a substitute custodian to keep and safeguard the LEWEK EXPRESS. Bibby is incurring daily expenses totaling $500 to pay the substitute custodian to oversee the care and custody of the LEWEK EXPRESS. Bibby is the only party currently paying the substitute custodian fee and has incurred significant expenses since February 21, 2017, on behalf of all parties with a Rule C *in rem* claim against the LEWEK EXPRESS. Yet, as a result of this Court's automatic stay, Bibby has not been able to have the district court address the sharing of custodian fees with the other party, nor has it been able to proceed with the Rule C *in rem* claim against the LEWEK EXPRESS. Bibby is paying to indefinitely keep and safeguard property that does not belong to the debtors and has been

precluded from proceeding with its Rule C against the LEWEK EXPRESS because of the district court's hesitancy to proceed without further clarification from this Court regarding its automatic stay.

In that regard, the district court issued an Order denying Bibby's request to address the fee sharing issue and stating that "[t]he parties should file a motion in the bankruptcy case requesting a clarifying order regarding the stay and whether this Court may proceed with this issue." [R. Doc. 57 in C.A. No. 17-33.]  Bibby seeks such a clarifying order herein, requesting that this Court advise the district court that it may proceed with addressing the issues related to the fee sharing issue and, more broadly, that Bibby and all other parties with Rule C claims can proceed with their Rule C claims, since those claims involve property that is not part of the debtors' estate.

Moreover, Bibby seeks to voluntarily dismiss its Rule B claim against EMAS *in personam*.  While this claim remains stayed in the district court at this time, since it is being asserted directly against the debtor, Bibby requests that this Court temporarily lift the automatic stay such that Bibby can voluntarily dismiss the claim against EMAS *in personam*.  This will leave only the Rule C *in rem* claim against the LEWEK EXPRESS pending in the Southern District of Texas, Corpus Christi Division.  There will be no remaining claims against EMAS *in personam* in Bibby's lawsuit.

Lastly, Bibby seeks to proceed with the arbitration against EMAS that was initiated prior to filing its Verified Complaint on January 24, 2017. Bibby and Bibby Subsea ROV, LLC initiated arbitration against EMAS before the Houston Maritime Arbitrators Association prior to EMAS filing for bankruptcy.  Bibby seeks to proceed in arbitration **solely** for the purposes of

determining the amount of its claim against EMAS. Bibby confirms that it will not seek to collect on any claim it has against EMAS outside this bankruptcy proceeding.

Dated this 12th day of May, 2017.

Respectfully submitted,

*/s/ Mark A. Mintz*
Mark A. Mintz (TXSD Bar No. 1140193)
Jones Walker LLP
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana   70170-5100
Tel:   504-582-8368
Fax:   504-589-8368
mmintz@joneswalker.com

**Counsel for Bibby Offshore**

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Notice was* filed and served on counsel on May 12th, 2017, by electronic filing through the Court's CM/ECF system.

*/s/ Mark A. Mintz*
Mark A. Mintz