**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 17-31146 (MI) |
| | § | |
| EMAS CHIYODA SUBSEA LIMITED, et al. | § § § | CHAPTER 11 |
| | § | (Jointly Administered) |
| DEBTOR IN POSSESSION | § | |

**LIMITED OBJECTION OF VT HALTER MARINE, INC. TO DISCLOSURE STATEMENT WITH RESPECT TO THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF CERTAIN AFFILIATED DEBTORS OF EMAS CHIYODA SUBSEA LIMITED**
(Relates to Docket Nos. 357 and 375)

VT Halter Marine, Inc. ("VTHM"), by and through its counsel, files this Limited Objection ("Objection") to the Disclosure Statement with Respect to the Joint Chapter 11 Plan of Reorganization of Certain Affiliated Debtors of EMAS Chiyoda Subsea Limited [Dkt. # 357] and Expedited Motion of the Debtors for Entry of an Order Approving (I) Adequacy of the Disclosure Statement and Notice of the Disclosure Statement Hearing, (II) Hearing Date to Consider Confirmation of the Plan and Procedures for Filing Objections to the Plan, (III) Deadlines Related to Solicitation and Confirmation, (IV) Solicitation Procedures for Confirmation of the Plan and the Form of Various Ballots and Notices in Connection Therewith, and (V) Voting and General Tabulation Procedures Filed by Debtor EMAS CHIYODA Subsea Limited and certain of it affiliates [Dkt. # 375].

In support of the Objection, VTHM states as follows:

**Objection**

1. On May 3, 2017, VTHM filed its *Proof of Claim* [Claim No. 271] in the amount of $3,304,033.36 in the bankruptcy case of EMAS Chiyoda Subsea Inc., Case No. 4:17-BK-31139. VTHM is an unsecured creditor and party-in-interest in these cases.

2. The proposed disclosure statement in its current form does not provide adequate information[1] on which to make an informed judgment about the plan as required by Section 1125(a) and (b) of the Bankruptcy Code.

3. First, the current draft contains a number of material blanks or placeholders for important missing information that must be added:

- The current draft has a placeholder for the liquidation analysis of the Emerging Debtors, which must show the liquidation scenario for each debtor, on a case by case basis. *See* the Proposed Disclosure Statement, Exhibit "B" (confirming the liquidation analysis is "[TO COME]").

- The current draft has a placeholder for the amount of funds defined as "Additional Cash" in the plan and disclosure statement, which is material as it is from these funds that creditors will be paid. *Id.,* p. v.

- The current draft has a placeholder for the estimated recovery to unsecured creditors. *Id.*, p. xvi.

- Finally, the current draft contains no factual information to support such estimates.

---

[1] "Adequate information" is defined in § 1125(a)(1) of the Bankruptcy Code to mean information of a kind and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of the holders of claims or interests of the relevant class to make an informed judgment about the plan.

4.      VTHM submits that without the foregoing information the disclosure statement does not satisfy the adequacy of disclosure requirements of 1125.  This information is material and without it unsecured creditors cannot make an informed judgment about the plan.

5.      Further, under the proposed plan, the bankruptcy proceedings of the Emerging Debtors are effectively substantively consolidated for purposes the "sale" of these Emerging Debtors or their assets through a single transaction for a single price.  *Id.,* p. v.  Thereafter, from the funds generated from this transaction, unsecured creditors of the Emerging Debtors (other than the Thailand debtor) are paid from transaction proceeds on a collective basis as a single class after payment of senior claims.  *Id.,* p. 33, ¶ F(11)(b).

6.      The elements of the purchase price consist of the Additional Cash referenced above + an amount equal to DIP Obligations + certain Assumed Liabilities.  But, in addition to the Additional Cash figure, both the amount of the outstanding DIP Obligations and the amount of the Assumed Liabilities are also not disclosed.

7.      As such, it is not possible for creditors to understand or evaluate for themselves what is being paid by the buyer.  VTHM submits that to comply with 1125, the disclosure statement must contain this information.

8.      Finally, the disclosure statement has virtually no information regarding the going concern value of the companies being sold or, if certain assets are to be sold, the fair market value of those assets, or any other values for these companies or assets.[2]

---

[2] The debtors' schedules present only asset value (not company value) and only present the book value of these assets, which is unhelpful to this analysis.

9. In short, there is inadequate disclosure as to *both* (a) the purchase price (that which is to be received), and also (b) the value of what is being transferred by the debtors from the bankruptcy estates under the proposed plan.

10. VTHM submits that the debtors should be required to provide all information they have with regard to the values of the property to be transferred from the bankruptcy estates on a case by case basis, *e.g.*, the going concern fair market value of each of the debtors companies and the fair market value of the assets to be sold. *Cf. In re Metrocraft Publishing Services, Inc.*, 39 B.R. 567, 569 (Bkrtcy. N.D. Ga. 1984). Again, without this basic information, creditors have no basis on which to judge the proposed transaction or the merits of the proposed plan.

11. The disclosure statement as currently presented simply does not contain the kind of detailed factual information that would allow creditors to independently evaluate the proposed plan and should not be approved. *See In re Civitella*, 15 B.R. 206, 208 (Bkrtcy. E.D. Pa. 1981) ("The disclosure statement does not present the parties voting on the plan with an opportunity to independently evaluate the merits of the proponent's plan").

WHEREFORE, VT Halter Marine, Inc. respectfully requests (i) that this objection be maintained; (ii) that the current draft of the proposed disclosure statement be supplemented as identified in this Objection; and (iii) that the Court grant such other and further relief as this Court may deem just and proper.

Dated: May 19, 2017

- 5 -

Respectfully submitted,

BUTLER SNOW LLP


/s/ *S. Ault Hootsell III*
S. Ault Hootsell III (TX Bar No. 24033750)
201 St. Charles Avenue, Suite 2700
New Orleans, Louisiana 70170
Telephone: (504) 299-7752
Facsimile: (504) 299-7701
E-Mail: ault.hootsell@butlersnow.com

J. Mitchell Carrington (*pro hac vice*)
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39157
Telephone: (601) 985-4403
Facsimile: (601) 985-4500
E-Mail: mitch.carrington@butlersnow.com

ATTORNEYS FOR CREDITOR, VT HALTER MARINE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2017, a true and correct copy of the foregoing Limited Objection of VT Halter Marine, Inc. to Disclosure Statement with Respect to the Joint Chapter 11 Plan of Reorganization of Certain Affiliated Debtors of EMAS Chiyoda Subsea Limited has been served (1) on all parties in this action who receive electronic service through the Court's ECF system, and (2) by overnight delivery to the following: (i) EMAS Chiyoda Subsea Inc., 825 Town & Country Lane, Suite 1500, Houston, Texas 77024, Attn: Stephen H. McGuire, Esq.; (ii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Dr., Chicago, Illinois 60606, Attn: George N. Panagakis, Esq. and Justin M. Winerman, Esq. and Porter Hedges LLP, 1000 Main Street, 36th Floor, Houston, TX 77002, Attn: John F. Higgins, Esq. and Aaron J. Power, Esq.; (iii) counsel for Chiyoda Corporation as lender for the debtor in possession financing, White & Case LLP, 555 S. Flower St., Suite 2700, Los Angeles, California 90071, Attn: Roberto Kampfner, Esq.; (iv) counsel for Subsea 7 S.A. as lender for the debtor in possession financing, Freshfields Bruckhaus Deringer LLP, 601 Lexington Avenue, 31st Floor, New York, New York 10022 Attn: Mark F. Liscio, Esq. and Scott Talmadge, Esq,; (v) the United States Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002; and (vi) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP 1700 Pacific Ave., Suite 4100, Dallas, Texas, 75201-4624, Attn: Charles Gibbs, Esq.

/s/ *S. Ault Hootsell III*
S. Ault Hootsell III

36646673v1