UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **EMAS CHIYODA SUBSEA LIMITED,** *et al.*, | : Case No. 17-31146 (MI) |
| | : |
| | : (Jointly Administered) |
| Debtors.[1] | : |

## OCEAN LION SHIPPING LTD.'S
## MOTION FOR ORDER MODIFYING THE AUTOMATIC STAY TO PERMIT
## VACATUR OF THE ARREST OF THE M/V LEWEK EXPRESS

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Ocean Lion Shipping Ltd. ("Ocean Lion"), appearing herein solely as claimant and owner

of the M/V LEWEK EXPRESS ("LEWEK EXPRESS" or "Vessel") and making a restricted

appearance pursuant to Rule E(8) of the Supplemental Rules for Certain Admiralty & Maritime

Claims of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number and jurisdiction of formation are as follows: EMAS CHIYODA Subsea Limited (UK) (3187); EMAS Chiyoda Subsea Inc. (Delaware) (7884); EMAS CHIYODA Subsea Marine Base LLC (Texas) (5974); Lewek Falcon Shipping Pte. Ltd. (Singapore) (041E); EMAS CHIYODA Marine Base Holding Co., LLC (Texas) (7463); EMAS Chiyoda Subsea Services Pte. Ltd. (Singapore) (333Z); EMAS-AMC Pte. Ltd. (Singapore) (0442); EMAS Saudi Arabia Ltd. (Saudi Arabia) (0669); Lewek Constellation Pte. Ltd. (Singapore) (376E); EMAS CHIYODA ROV Pte. Ltd. (Singapore) (049M); EMAS CHIYODA Subsea Services B.V. (Netherlands) (4073); EMAS CHIYODA Subsea Services (UK) Limited (Scotland) (3187); EMAS CHIYODA Subsea Services LLC (Delaware) (1728); EMAS CHIYODA Subsea (Thailand) Co., Ltd. (Thailand) (1011); Gallatin Marine Management, LLC (Delaware) (8989). The address of the Debtors' U.S. headquarters is 825 Town & Country Ln, Suite 1500, Houston, TX 77024.

2912016-1

modify the automatic stay in the above captioned matter for the limited purpose of allowing Ocean Lion to vacate the wrongful arrest and attachment of the M/V LEWEK EXPRESS in the matter entitled *Bibby Offshore Limited v. EMAS Chiyoda Subsea, Inc., et al.*, Civil Action No. 2:17-c-00033, pending in the U.S. District Court for the Southern District of Texas, Corpus Christi Division (the "District Court Action").[2] The Debtor, EMAS Chiyoda Subsea Inc. ("ECS"), consents to the filing and granting of this Motion. Accordingly, Ocean Lion respectfully requests this Court grant the requested relief.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion and the relief requested herein in accordance with 28 U.S.C. § 1334(b). This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue in this district is allowed pursuant to 28 U.S.C. §§ 1408 and 1409.

## DEBTOR'S CONSENT

3. Ocean Lion requests permission to pursue vacatur of the wrongful arrest of the LEWEK EXPRESS in the District Court Action. Such relief will not jeopardize ECS's estate; to the contrary, if the arrest is vacated, any property of ECS that remains onboard the seized LEWEK EXPRESS subject to the District Court's warrant of arrest and writ of attachment

---

[2]     The M/V LEWEK EXPRESS was arrested pursuant to an Order of the United States District Court for the Southern District of Texas, Corpus Christi Division (Civil Action No. 17-33). At the time of its arrest, the Vessel was under charter to the Debtor, EMAS Chiyoda Subsea Limited ("ECS"), until 5 April 2017, when this Honorable Court issued an order authorizing, *inter alia*, termination of the charter party between Ocean Lion and ECS for the use of the LEWEK EXPRESS.

will be released and returned to the Debtors' estate.[3] Consequently, granting of the requested relief will directly enhance the prospects of ECS's reorganization.

4. The Debtor has consented to the filing of this Motion.

## BACKGROUND

5. The LEWEK EXPRESS is a pipe-laying vessel, bearing IMO No. 8116049, and owned by Ocean Lion. At all material times, the Vessel was under bareboat charter to Emas-AMC AS ("Emas-AMC), a non-debtor in ECS's Chapter 11. Emas-AMC then sub-chartered the vessel to   ECS, pursuant to which ECS was responsible only for the Vessel's commercial disposition.

6. On or about 31 March 2016, ECS entered into a contract with BHP Billiton ("BHP"), whereby ECS agreed to provide the M/V LEWEK EXPRESS to perform certain installation, tie-in, and subsea work for BHP's platform offshore Trinidad. Within the confines of this project, ECS entered into an Offshore Installation Services Agreement ("OISA") with Bibby Subsea ROV. Pursuant to the OISA, Bibby Subsea ROV appointed Bibby Offshore Limited ("Bibby") to provide certain diving support services.

7. On 24 January 2017, Bibby filed a Verified Complaint against ECS alleging a breach of the contract between ECS and Bibby described in the preceding paragraph.  In furtherance of that claim, Bibby requested, and was granted, a writ of attachment of the M/V LEWEK EXPRESS pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (the "Admiralty Rules"). The vessel and all appurtenant equipment onboard (including equipment claimed by ECS) was subsequently

---

[3]      By way of explanation, ECS has claimed ownership of certain equipment onboard the M/V LEWEK EXPRESS. Ocean Lion has not had an opportunity to investigate those claims and reserves its right to a determination of ownership before any equipment is removed from the vessel.

attached by the U.S. Marshal. In its motion filed on 12 May 2017 in this action, Bibby avers that it intends to dismiss its *in personam* claim against ECS and vacate the attachment of the M/V LEWEK EXPRESS, which action Ocean Lion supports, resolving ECS's direct involvement in the suit.[4]

8.  On 17 February 2017, Bibby filed an Amended Verified Complaint asserting a claim under Admiralty Rule C against the LEWEK EXPRESS, and alleging that the diving services Bibby provided were "necessaries" that contributed to the mission of the LEWEK EXPRESS. To that effect, Bibby asserted a maritime lien against the LEWEK EXPRESS.

9.  On 21 February 2017 the District Court issued a warrant of arrest for the LEWEK EXPRESS. Ocean Lion's vessel, the LEWEK EXPRESS was subsequently seized by the U.S. Marshal.

10. On 27 February 2017 ECS commenced the above captioned Chapter 11 proceedings and the automatic stay provided for by Section 362 of the Bankruptcy Code immediately took effect.

11. On March 9, 2017, following ECS's filing of a Suggestion of Bankruptcy, the District Court entered an Order staying the District Court Action.  As pointed out by Bibby in its recent Motion (Rec. Doc. 380), the bankruptcy stay is preventing Bibby from dismissing its *in personam* claim against ECS.  As a further consequence, the stay is preventing Ocean Lion from moving to vacate the Admiralty Rule C arrest of the Vessel.

12. On 28 March 2017, this Court issued an Order authorizing rejection of certain executory contracts and unexpired leases in the pending bankruptcy proceedings, including ECS's sub-charter of the LEWEK EXPRESS with Emas-AMC.  The Court's order took effect on 5

---

[4] In the absence of agreement by Bibby, Ocean Lion would move to vacate the attachment on grounds the District Court has already approved in relation to another vessel attached by Bibby in the same suit.

April 2017, retroactive to 7 March 2017. In light of this Court's Order, ECS no longer has any interest in the Vessel, beyond any property it may own located onboard.

13. Ocean Lion, as owner of the LEWEK EXPRESS, respectfully submits that grounds exist upon which to vacate Bibby's Admiralty Rule B attachment and Admiralty Rule C arrest of the LEWEK EXPRESS.  Ocean Lion has an immediate interest in securing the release of its vessel.

14. As noted above, on 12 May 2017 Bibby filed a motion seeking modification of the stay in order to permit it (1) to dismiss its *in personam* claims against ECS and vacate the Admiralty Rule B attachment of the LEWEK EXPRESS and (2) to proceed with arbitration against ECS. Ocean Lion agrees that the stay should be modified to permit dismissal of Bibby's *in personam* claims and vacatur of the attachment, which request is consistent with Ocean Lion's request herein, and urges the Court to grant Bibby that relief regardless of whether Bibby is also allowed to pursue its arbitration.

## RELIEF REQUESTED

15. Ocean Lion respectfully seeks entry of an order under Section 362 of the Bankruptcy Code granting relief from the automatic stay. Specifically, Ocean Lion requests modification of the stay solely for the limited purpose of filing a motion to vacate the wrongful arrest of the LEWEK EXPRESS in the District Court Action.

16. ECS no longer has any interest in the Vessel. Because ECS claims property onboard and because ECS would like its property back, ECS consents to the instant Motion, which will permit Ocean Lion to vacate the Vessel's wrongful arrest for the benefit of both parties.

**BASIS FOR RELIEF**

17. A party in interest, which has engaged in enforcement activity or litigation stayed by the filing of a bankruptcy petition, may seek relief from stay from the bankruptcy court.[5]

18. Relief from the automatic stay is provided in accordance with Section 362(d) of the Bankruptcy Code, which provides, in relevant part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by . . . modifying such stay—(1) for cause . . .."

19. The Bankruptcy Rules provide that a motion to request relief from the automatic stay must make a showing of cause.[6] Cause is broadly interpreted to include virtually any type of harm, injury or other diminution of the interest of a third party in property of the estate or in that third party's rights if it is not allowed to proceed against the debtor with respect to some type of litigation or other action.[7]

20. The harm suffered by Ocean Lion, owner of the wrongfully arrested LEWEK EXPRESS, is plain: the Vessel has been removed from navigation for several months, preventing Ocean Lion from re-employing her or otherwise using her for the benefit of Ocean Lion's business.

21. Bibby's wrongful seizure also directly harms the Debtor, ECS, who claims property onboard the seized LEWEK EXPRESS. Vacatur of the arrest will result in the release of this property, after which any property owned by ECS shall be returned to the estate, thereby enhancing the prospects of ECS's reorganization.

---

[5] 3B-II Benedict on Admiralty § 6 (2017).
[6] Bankruptcy Rule 9013.
[7] 3B-II Benedict on Admiralty § 6 (2017) (citing *In re J.E. Brenneman Co.*, 1991 A.M.C. 1617 (E.D. Pa. Bankr. 1991)).

**WHEREFORE**, Ocean Lion Shipping Ltd. prays for an order modifying the automatic stay in the instant proceedings, solely for the limited purpose of permitting Ocean Lion to proceed with vacatur of the LEWEK EXPRESS's wrongful arrest.

Respectfully Submitted,

*/s/ Daniel A. Tadros*_____
DANIEL A. TADROS, T.A. SDTX #338713
(LA BAR #21906)
ALAN R. DAVIS (LA BAR #31694)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone (504) 585-7000
**Attorneys for Ocean Lion Shipping Ltd.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2017, a copy of the foregoing has been filed with the United States Bankruptcy Court for the Southern District of Texas (Houston Division) by electronic case filing/case management.  All counsel of record are being served with this filing by either the court's electronic filing system or by email, telefaxing and/or placing a copy of same in the United States Mail, properly addressed and with adequate postage affixed thereon.

*/s/ Daniel A. Tadros*_____

2912016-1