IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| EMAS CHIYODA SUBSEA LIMITED, *et al.*, | § § | Case No. 17-31146 |
| Debtors.[1] | § § § | (Jointly Administered) |

### CROWLEY MARINE SERVICE'S INC. OBJECTION TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF FINAL DIP ORDER
### [RELATES TO DKT. NO. 14]

**TO THE HONORABLE JUDGE MARVIN ISGUR:**

Crowley Marine Services, Inc. ("Crowley") submits this objection in response to *Debtor's Emergency Motion for Entry of Interim And Final DIP Orders (I) Authorizing the Debtors to Obtain Secured Superpriority Postpetition Financing, (II) Scheduling a Final Hearing, and (III) Granting Related Relief* [Dkt. No. 14].

### I.   PROCEDURAL BACKGROUND

1. On February 27, 2017, EMAS CHIYODA Subsea Limited and fourteen affiliated companies (collectively, the "Debtors") filed voluntary petitions in the United States Bankruptcy Court for the Southern District of Texas seeking relief under chapter 11 of the United States Bankruptcy Code.  *See* Dkt. No. 1.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number and jurisdiction of formation are as follows: EMAS CHIYODA Subsea Limited (UK) (3187); EMAS Chiyoda Subsea Inc. (Delaware) (7884); EMAS CHIYODA Subsea Marine Base LLC (Texas) (5974); Lewek Falcon Shipping Pte. Ltd. (Singapore) (041E); EMAS CHIYODA Marine Base Holding Co., LLC (Texas) (7463); EMAS Chiyoda Subsea Services Pte. Ltd. (Singapore) (333Z); EMAS-AMC Pte. Ltd. (Singapore) (0442); EMAS Saudi Arabia Ltd. (Saudi Arabia) (0669); Lewek Constellation Pte. Ltd. (Singapore) (376E); EMAS CHIYODA ROV Pte. Ltd. (Singapore) (049M); EMAS CHIYODA Subsea Services B.V. (Netherlands) (4073); EMAS CHIYODA Subsea Services (UK) Limited (Scotland) (3187); EMAS CHIYODA Subsea Services LLC (Delaware) (1728); EMAS CHIYODA Subsea (Thailand) Co., Ltd. (Thailand) (1011); Gallatin Marine Management, LLC (Delaware) (8989). The address of the Debtors' U.S. headquarters is 825 Town & Country Ln, Suite 1500, Houston, TX 77024.

2. The Debtors filed their *Emergency Motion for Entry of Interim And Final DIP Orders (I) Authorizing the Debtors to Obtain Secured Superpriority Postpetition Financing, (II) Scheduling a Final Hearing, and (III) Granting Related Relief* ("DIP Motion") on February 28, 2017.

## II. JURISDICTION

3. The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(1) and (2)(A). Venue is proper in this district under 28 U.S.C. § 1408.

## III. OBJECTION

4. The proposed Final DIP Order provides:

> Except with respect to the Carve-Out . . . the DIP Liens shall not, without the consent of the DIP Lenders, be made subject or subordinate to, or *pari passi* with, any other Lien or security interest by any court order heretofore or hereafter entered in the Chapter 11 Cases . . .

Dkt. No. 14-2, ¶ 2(f) at pp. 8-9.[2] Upon a review of the Carve-Out, it does not appear to include maritime and possessory liens. Meanwhile, the DIP Motion provides that the DIP Lenders "are not seeking to prime any existing lienholder . . .." *See* Dkt. No. 14, at p. 7 (emphasis added).

5. As a result, so as to not be misleading, paragraph 2(f) of the proposed Final DIP Order, cited above, should be revised to include, in addition to the Carve-Out, an exception for existing lienholders such as Crowley.

6. Crowley's claims are secured by maritime and carrier liens, not only over the Constellation, but also over the apparel, appurtenances, equipment and fixtures on or relating to

---

[2] The DIP Lenders separately profess to only have liens on *DIP Collateral* – which excludes property of the debtor "which was not subject to a valid, perfected and fully enforceable Lien as of the Petition Date." Dkt. No. 14-2, ¶ 2(d) at p. 7-8; *see also id*. at ¶ (e) at p. 8 (granting liens only on DIP Collateral).

its own barge, the RB1, which was customized to service and enable the functions of the Constellation. See Dkt. No. 402; see also Proof of Claim Nos. 316, 378, and 579. Any Final Order on the DIP should include an "existing lien" provision, or expansion of the Carve-Out provision, clarifying that the secured rights of existing lienholders will not be modified or affected by the relief granted to the DIP Lenders.

7. Pursuant to the Constellation Lenders' Stipulation and Agreed orders (Dkt. No. 274), Crowley's liens were carved-out from the replacement liens of the Constellation Lenders, with such liens maintaining their relative pre-petition priority under applicable law. Dkt. No. 274, at ¶ 17, p. 13. It is improper for the DIP Lenders, through the proposed Final DIP Order, to preclude the Court from issuing any order that makes the DIP Lenders' liens subject to or *pari passu* to another lien. So as to not be misleading, the provision in paragraph 2(f) of the proposed Final DIP Order (referenced in paragraph five above) should be revised accordingly.

[*remainder of page left intentionally blank*]

Dated: May 22, 2017          **SIDLEY AUSTIN LLP**

*/s/ Michael Fishel*
Duston K. McFaul
Texas Bar No. 24003309
Federal Bar No. 21769
Michael Fishel
Texas Bar No. 24082998
Federal Bar No. 1726005
SIDLEY AUSTIN LLP
1000 Louisiana Street, Suite 6000
Houston, TX 77002
Telephone: (713) 495-4500
Facsimile: (713) 495-7799
dmcfaul@sidley.com
mfishel@sidley.com

*Counsel for Crowley Marine Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May, 2017, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel and/or parties by operation of the court's electronic filing system.

*/s/ Michael Fishel*
Michael Fishel