**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | : | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **EMAS CHIYODA SUBSEA LIMITED,** *et al.*, | : | **Case No. 17-31146 (MI)** |
| | : | |
| | : | **(Jointly Administered)** |
| Debtors.[1] | : | |

**DEBTORS' MOTION FOR ORDER EXTENDING
TIME PERIOD WITHIN WHICH DEBTORS
MAY REMOVE ACTIONS**

**THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON JUNE 20, 2017 AT 2:00 P.M. IN COURTROOM 404, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number and jurisdiction of formation are as follows: EMAS CHIYODA Subsea Limited (UK) (3187); EMAS Chiyoda Subsea Inc. (Delaware) (7884); EMAS CHIYODA Subsea Marine Base LLC (Texas) (5974); Lewek Falcon Shipping Pte. Ltd. (Singapore) (041E); EMAS CHIYODA Marine Base Holding Co., LLC (Texas) (7463); EMAS Chiyoda Subsea Services Pte. Ltd. (Singapore) (333Z); EMAS-AMC Pte. Ltd. (Singapore) (0442); EMAS Saudi Arabia Ltd. (Saudi Arabia) (0669); Lewek Constellation Pte. Ltd. (Singapore) (376E); EMAS CHIYODA ROV Pte. Ltd. (Singapore) (049M); EMAS CHIYODA Subsea Services B.V. (Netherlands) (4073); EMAS CHIYODA Subsea Services (UK) Limited (Scotland) (3187); EMAS CHIYODA Subsea Services LLC (Delaware) (1728); EMAS CHIYODA Subsea (Thailand) Co., Ltd. (Thailand) (1011); Gallatin Marine Management, LLC (Delaware) (8989).  The address of the Debtors' U.S. headquarters is 825 Town & Country Ln, Suite 1500, Houston, TX 77024.

EMAS CHIYODA Subsea Limited ("ECS") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move (this "Motion") this Court for entry of an order, under section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the time period within which the Debtors may remove pending proceedings pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027.   In support of this Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Bankruptcy Code section 105(a) Bankruptcy Rule 9006(b).

## BACKGROUND

3.      On February 27, 2017 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Chapter 11 Cases are being jointly administered.

4.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.      On March 21, 2017, the Office of the United States Trustee for the Southern District of Texas (the "United States Trustee") appointed an official committee of

2

unsecured creditors (the "Creditors' Committee").  No trustee or examiner has been appointed in the Chapter 11 Cases.

6.      On May 24, 2017, the Debtors filed their Third Amended Joint Chapter 11 Plan of Reorganization of Certain Affiliated Debtors of EMAS CHIYODA Subsea Limited [Docket No. 446] (as may be further amended, modified, or supplemented, the "Plan") and the Third Amended Disclosure Statement with Respect to the Joint Chapter 11 Plan of Reorganization of Certain Affiliated Debtors of EMAS CHIYODA Subsea Limited [Docket No. 447] (as may be further amended, modified, or supplemented, the "Disclosure Statement").

7.      On May 25, 2017, the Court entered an order approving the adequacy of the Disclosure Statement [Docket No. 455].

8.      The Company is an offshore contractor offering subsea engineering, procurement, construction, transportation, and installation services at every stage of the project lifecycle.  Currently, the Company operates a fleet of eight subsea construction and installation vessels.  Major investments in these industry leading vessels have catapulted the Company to the top tier of deepwater subsea construction service companies.

9.      Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the Chapter 11 Cases, is set forth in detail in the First Day Declaration.

**RELIEF REQUESTED**

10.     As of the commencement of the Chapter 11 Cases, the Debtors were a party to certain judicial and/or administrative proceedings in various courts and/or administrative agencies (collectively, the "Actions").  Some of the Actions may be subject to removal under 28 U.S.C. § 1452, which applies to claims relating to bankruptcy cases.  As such, the Debtors may

3

find it appropriate and beneficial to their estates to remove certain of the Actions to federal court; however, the Debtors have not yet completed their analysis with respect to the Actions. Accordingly, the Debtors' request additional time to make the necessary determinations regarding removal of the Actions.

11.     Under Bankruptcy Rule 9027(a)(2), the period during which the Debtors may remove Actions, if any, under 28 U.S.C. § 1452 (the "Removal Period") expires on the later of (i) Tuesday, May 30, 2017,[2] or (ii) 30 days after entry of an order terminating the automatic stay, if the Action has been stayed under Bankruptcy Code section 362.  See Fed. R. Bankr. P. 9027(a)(2).

12.     By this Motion, the Debtors request entry of an order under Bankruptcy Code section 105(a) and Bankruptcy Rule 9006(b) extending the Removal Period with respect to any Actions pending on the Petition Date through the later of (i) August 28, 2017, which date is approximately 90 days from the expiration of the current Removal Period, for Actions that have not been stayed under Bankruptcy Code section 362, or (ii) 30 days after entry of an order terminating the automatic stay with respect to any particular Action sought to be removed, without prejudice to the Debtors' right to seek further extensions.

**BASIS FOR RELIEF**

13.     28 U.S.C. § 1452 governs the removal of pending civil actions.  Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court

---

[2]   Ninety days from the Petition Date is May 28, 2017, which is a Sunday and May 29, 2017 is Memorial Day, which is a legal holiday.  Accordingly, under Bankruptcy Rule 9006(a)(1)(C), if the last day of a time period is a Saturday, Sunday, or legal holiday, then the period ends on the next day that is not a Saturday, Sunday, or legal holiday.

4

> for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

14.     Bankruptcy Rule 9027 further provides, in part, that, for claims or causes of action pending when a bankruptcy case is commenced, "a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code . . . ." Fed. R. Bankr. P. 9027(a)(2).

15.     Finally, Bankruptcy Rule 9006 provides in pertinent part that "when an act is required or allowed to be done at or within a specified period by these rules . . . the court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . ." Fed. R. Bankr. P. 9006(b)(1).

16.     It is well-established that this Court has authority to grant the relief requested and extend the removal period as requested herein.  See, e.g., Caperton v. A.T. Massey Coal Co., Inc., 251 B.R. 322, 325 (S.D. W. Va. 2000) (reasoning that Bankruptcy Rule 9006 provides authority to enlarge the time period for removing actions arising under the Bankruptcy Code); Pacor, Inc. v. Higgins (In re Pacor, Inc.), 743 F.2d 984, 996 n.17 (3d Cir. 1984) ("Under the new Rules of Bankruptcy Procedure, it is clear that the court may grant such an extension."), overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 134-35 (1995).

17.     Requests by debtors for extensions of the removal period have been routinely granted by courts in this district.  See, e.g., In re Goldking Holdings, LLC, Case No.

13-37200 (Bankr. S. D. Tex. Jan. 27, 2014) (extending  removal deadline by 90 days);  In re ATP Oil & Gas Corp., Case No. 12-36187 (MI) (Bankr. S. D. Tex. Dec. 13, 2012) (extending removal deadline by 90 days);  In re ASARCO, LLC, Case No. 05-21207 (Bankr. S. D. Tex. Nov. 1, 2005) (RSS) (extending removal deadline by 90 days).

## CAUSE EXISTS TO EXTEND REMOVAL PERIOD

18.    Since the Petition Date, the Debtors have been focused on administering the Chapter 11 Cases, meeting the initial requirements of the chapter 11 process, and formulating and negotiating the Plan and corresponding Disclosure Statement.  Further, the Debtors have concentrated on meeting the various milestones of their Debtor-in-Possession Credit Agreement dated as of March 1, 2017 (as amended from time to time, the "DIP Credit Agreement"), approved on a final basis by this Court on May 25, 2017 [Docket No. 453].  Given these significant tasks and their attendant demands on the Debtors' personnel and professionals, the Debtors have a legitimate need for additional time to review their outstanding litigation matters and to evaluate whether those matters should properly be removed under Bankruptcy Rule 9027.

19.    The Debtors submit that the requested extension of time is in the best interests of their estates and creditors because it will afford the Debtors and their professionals the opportunity to make fully-informed decisions concerning whether the Actions may and should be removed, thereby protecting the Debtors' valuable rights to adjudicate lawsuits in federal court under 28 U.S.C. § 1452.

20.    Furthermore, nothing herein will prejudice any party to a proceeding that the Debtors seek to remove from pursuing remand under 28 U.S.C. § 1452(b).  Accordingly, the

6172225v1

proposed extension requested herein will not adversely affect the rights of other parties to the Actions.

21.     For the reasons set forth above, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore, should be granted.

## NOTICE

22.     Notice of this Motion shall be given to (a) the United States Trustee; (b) the Creditors' Committee; (c) White & Case LLP, counsel to Chiyoda Corporation in its capacity as lender under the postpetition credit agreement and Freshfields Bruckhaus Deringer US LLP, counsel to Subsea 7 S.A. in its capacity as lender under the postpetition credit agreement; (d) the lenders under the Debtors' prepetition loan facilities; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) any party that is subject to prepetition litigation; (h) any party that has requested notice under Bankruptcy Rule 2002 as of the time of service; and (i) any party required to be served under Bankruptcy Local Rule 9013-1(d).  Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

23.     No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the relief sought herein and granting such other and further relief as may be just and proper.

6172225v1

Dated: Houston, Texas
May 26, 2017

PORTER HEDGES LLP

By:   */s/ John F. Higgins*
     John F. Higgins (No. 09597500)
     Joshua W. Wolfshohl (No. 24038592)
     Aaron J. Power (No. 24058058)
     Brandon J. Tittle (No. 24090436)
     1000 Main Street, 36th Floor
     Houston, Texas 77002
     Telephone: (713) 226-6000
     Fax: (713) 228-1331

     -and-

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
     George N. Panagakis (admitted *pro hac vice*)
     Justin M. Winerman (admitted *pro hac vice*)
     155 N. Wacker Dr.
     Chicago, Illinois 60606-1720
     Telephone: (312) 407-0700
     Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*

6172225v1