**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **EMAS CHIYODA SUBSEA LIMITED,** *et al*., | : | **Case No. 17-31146 (MI)** |
| | : | |
| | : | **(Jointly Administered)** |
| **Debtors.**[1] | : | |

**MOTION FOR ORDER DISMISSING THE CHAPTER 11**
**CASES OF THE NON-REORGANIZING DEBTORS**

**THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON SEPTEMBER 13, 2017 AT 1:30 P.M. IN COURTROOM 404, UNITED**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number and jurisdiction of formation are as follows: EMAS CHIYODA Subsea Limited (UK) (3187); EMAS Chiyoda Subsea Inc. (Delaware) (7884); EMAS CHIYODA Subsea Marine Base LLC (Texas) (5974); Lewek Falcon Shipping Pte. Ltd. (Singapore) (041E); EMAS CHIYODA Marine Base Holding Co., LLC (Texas) (7463); EMAS Chiyoda Subsea Services Pte. Ltd. (Singapore) (333Z); EMAS-AMC Pte. Ltd. (Singapore) (0442); EMAS Saudi Arabia Ltd. (Saudi Arabia) (0669); Lewek Constellation Pte. Ltd. (Singapore) (376E); EMAS CHIYODA ROV Pte. Ltd. (Singapore) (049M); EMAS CHIYODA Subsea Services B.V. (Netherlands) (4073); EMAS CHIYODA Subsea Services (UK) Limited (Scotland) (3187); EMAS CHIYODA Subsea Services LLC (Delaware) (1728); EMAS CHIYODA Subsea (Thailand) Co., Ltd. (Thailand) (1011); Gallatin Marine Management, LLC (Delaware) (8989). The address of the Debtors' U.S. headquarters is 825 Town & Country Ln, Suite 1500, Houston, TX 77024.

STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

The Non-Reorganizing Debtors[2] hereby move (the "Motion") this Court for entry of an order substantially in the form attached hereto (the "Order") dismissing their Chapter 11 Cases.[3] In support of the Motion, the Non-Reorganizing Debtors, by and through their undersigned counsel, respectfully represent as follows:

## PRELIMINARY STATEMENT

1.      On June 29, 2017, this Court confirmed the Plan proposed by certain of the Debtors that provides for the restructuring of the Emerging Debtors and the Liquidating Debtors. That Plan went effective the same day it was confirmed.

2.      The Non-Reorganizing Debtors are not dealt with under the Plan.  As the Disclosure Statement previewed would likely be the case, this Motion seeks dismissal of the Non-Reorganizing Debtors' cases.  There is cause to dismiss these cases due to the lack of value of these entities, the fact that the Plan Sponsors have decided not to purchase these entities or their assets, and because the Non-Reorganizing Debtors have limited, if any, assets to reorganize or liquidate.

---

[2]   Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Modified Third Amended Joint Chapter 11 Plan of Reorganization of Certain Affiliated Debtors of EMAS CHIYODA Subsea Limited [Docket No. 573] (the "Plan").

[3]   The Non-Reorganizing Debtors are EMAS CHIYODA Subsea Limited ("ECS"), EMAS CHIYODA Subsea Services, B.V. ("Subsea Services BV"), EMAS CHIYODA Subsea Marine Base Holding Co., LLC ("Marine Base Holdco"), EMAS CHIYODA Subsea Services (UK) Limited ("Subsea Services UK"), EMAS CHIYODA Subsea Services LLC ("Subsea Services LLC"), Gallatin Marine Management, LLC ("Gallatin Marine"), EMAS CHYODA ROV Pte Ltd. ("EMAS ROV"), and EMAS CHIYODA Subsea (Thailand) Co., Ltd. ("EMAS Thailand").

6251581v1

**JURISDICTION AND VENUE**

3.        This Court has jurisdiction to consider this Motion under 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4.        The legal predicates for the relief requested herein are Bankruptcy Code section 105(a) and 1112(b), and Bankruptcy Rule 1017.

**BACKGROUND**

5.        On February 27, 2017 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Chapter 11 Cases are being jointly administered.

6.        The Non-Reorganizing Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7.        On March 21, 2017, the Office of the United States Trustee for the Southern District of Texas (the "United States Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee").  No trustee or examiner has been appointed in the Chapter 11 Cases.

8.        On May 22, 2017, the Debtors filed their monthly operating report for April 2017 [Docket No. 416] (the "April MOR").  On June 20, 2017, the Debtors filed their monthly operating report for May 2017 [Docket No 511] (the "May MOR").

9.        On May 24, 2017, the Plan Debtors filed their third amended proposed Plan and the Third Amended Disclosure Statement with Respect to the Joint Chapter 11 Plan of Reorganization of Certain Affiliated Debtors of EMAS CHIYODA Subsea Limited [Docket No.

3

447] (as may be further amended, modified, or supplemented, the "Disclosure Statement").  On May 25, 2017, the Court entered an order approving the adequacy of the Disclosure Statement [Docket No. 455].

10.     On June 29, 2017, the Court entered its Findings of Fact, Conclusions of Law, and Order Confirming the Modified Third Amended Joint Chapter 11 Plan of Reorganization of Certain Affiliated Debtors of EMAS CHIYODA Subsea Limited [Docket No. 579].  On that same day, the Plan was substantially consummated as to all of the Plan Debtors other than the Constellation Debtor and the Falcon Debtor (the "Effective Date").

11.     The Plan provides for the reorganization of the Emerging Debtors, and the liquidation of the Liquidating Debtors under chapter 11 of the Bankruptcy Code.  The Non-Reorganizing Debtors are not dealt with under the Plan.

## RELIEF REQUESTED

12.     By this Motion, the Debtors respectfully request the entry of the Order dismissing the cases of the Non-Reorganizing Debtors so that those entities can be wound down under applicable local law in the various local and foreign jurisdictions in which they are organized.

## APPLICABLE AUTHORITY

13.     Bankruptcy Code section 1112(b) provides that, "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

6251581v1

14.     Bankruptcy Code 1112(b)(4) provides a non-exclusive list of what constitutes "cause."   This list includes "a substantial or continuing loss to or diminution of the estate and that absence of a reasonable likelihood of rehabilitation." 11 U.S.C. 1112(b)(4)(a)

15.     This Court previously has held that, in order to demonstrate "cause" for conversion or dismissal under section 1112(b)(4)(a), a party must show (i) either substantial or continuing diminution of the estate and (ii) absence of a reasonable likelihood of rehabilitation. See In re TMT Procurement Corp., 534 B.R. 912, 917–18 (Bankr. S.D. Tex. 2015)("[n]egative cash flow alone can be sufficient cause to dismiss or convert." Id. at 918 (quoting In re Miell, 419 B.R. 357, 366 (Bankr. N.D. Iowa 2009))).

16.     Ultimately, "[t]he inquiry under Section 1112 is case-specific, focusing on the circumstances of each debtor…[and e]ach debtor's viability and prospects must be evaluated 'in light of the best interest of creditors and the estate.'" TMT Procurement, 534 B.R. at 917 (quoting United Savs. Ass'n of Tex v. Timbers of Inwood Forrest Assocs., Ltd. 808 F.2d 363, 371–72 (5th Cir. 1987)).

## BASIS FOR RELIEF

I.     **CAUSE EXISTS TO DISMISS THE CASES OF THE NON-REORGANIZING DEBTORS**

   A.     **There is Continuing Diminution of the Estates of the Non-Reorganizing Debtors.**

17.     Cause exists under Bankruptcy Code section 1112(b)(4)(a) to dismiss the Chapter 11 Cases of the Non-Reorganizing Debtors because there is continuing diminution of the estates of the Non-Reorganizing Debtors.   In particular, each of the eight Non-Reorganizing Debtors

6251581v1

reported net losses or no income from operations in the April MOR and the May MOR.[4]  As such, there has been continuing diminution in the value of the estates during the pendency of the Chapter 11 Cases.

**B.      The Non-Reorganizing Debtors Have No Reasonable Likelihood of Rehabilitation.**

18.      The Non-Reorganizing Debtors have no reasonable likelihood of rehabilitation. Marine Base Holdco, ECS, EMAS ROV, Subsea Services LLC, and Subsea Services UK were all established as holding companies, or special purpose vehicles designed to hold title to certain assets, with little or no operations.  Moreover, while Subsea Services B.V., Gallatin Marine, and EMAS Thailand all conducted operations at one point, these operations have ceased, as the functions they served in the Debtors' business operations are no longer necessary.  As such, the Debtors, in consultation with the Plan Sponsors, determined that the Non-Reorganizing Debtors would not be part of the go-forward business and were not included in the Plan.

19.      As of the Effective Date, the Non-Reorganizing Debtors no longer have access to any financing to fund expenses nor any ability or funds to confirm a plan.

20.      According to the May MOR, the overwhelming majority of assets of the Non-Reorganizing Debtors were either investments in subsidiaries, amounts due from affiliates, or capitalized expenditures with no realizable value.  Other assets, such as small amounts of cash, can be liquidated for potential creditor recovery outside of the Chapter 11 Cases in a proceeding in the entity's home jurisdiction.

---

[4]      Marine Base Holdco and Gallatin Marine reported neither operating income nor operating losses in the April MOR and the May MOR.

6251581v1

## II.   DISMISSAL IS IN THE BEST INTERESTS OF THE NON-REORGANIZING DEBTORS' ESTATES

21.     The Debtors have determined that the Chapter 11 Cases of the Non-Reorganizing Debtors can be wound down most efficiently and cost-effectively in the jurisdictions in which the Non-Reorganizing Debtors are headquartered and/or organized.   Marine Base Holdco, Subsea Services LLC, and Gallatin Marine can be effectively wound down under state law proceedings.

22.     Moreover, the Debtors have consulted both the Creditors' Committee and the Plan Sponsors in conjunction with this Motion and they consent to the relief requested herein.  Thus, for the above-stated reasons, it is in the best interests of the Non-Reorganizing Debtors' estates to dismiss the Chapter 11 Cases of the Non-Reorganizing Debtors.

### NOTICE

23.     Notice of this Motion shall be given to (a) the United States Trustee; (b) Akin Gump, counsel to the Creditors' Committee; (c) White & Case LLP, counsel to Chiyoda Corporation and Freshfields Bruckhaus Deringer LLP, counsel to Subsea 7 S.A., in their capacity as lenders under the proposed postpetition credit agreement and as Plan Sponsors; (d) the lenders under the Debtors' prepetition loan facilities; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service.  Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

### NO PRIOR REQUEST

24.     No previous request for the relief sought herein has been made to this Court or any other court.

6251581v1

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form annexed hereto, granting the relief sought herein and granting such other and further relief as may be just and proper.

Dated:  Houston, Texas
        July 27, 2017

PORTER HEDGES LLP

By:  *Aaron J. Power*
     John F. Higgins (No. 09597500)
     Joshua W. Wolfshohl (No. 24038592)
     Aaron J. Power (No. 24058058)
     1000 Main Street, 36th Floor
     Houston, Texas 77002
     Telephone: (713) 226-6000
     Fax: (713) 228-1331

     -and-

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
     George N. Panagakis (admitted *pro hac vice*)
     Justin M. Winerman (admitted *pro hac vice*)
     155 N. Wacker Dr.
     Chicago, Illinois 60606-1720
     Telephone: (312) 407-0700
     Fax: (312) 407-0411

*Counsel for Debtors and Non-Reorganizing Debtors*

6251581v1

**Certificate of Service**

   I certify that on July 27, 2017, I caused a copy of the foregoing document to be served by the Electronic Case Filing System in the United States Bankruptcy Court for the Southern District of Texas.


                /s/ Aaron J. Power
                Aaron J. Power